IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00791-DME

GEORGE K. PRAGOVICH,

    Petitioner,

v.

INTERNAL REVENUE SERVICE, JOSEPH CONROY, IRS Agent #36-09437, SAM ANDERSON, Group Manager #43-15016,

    Respondents.

**ORDER OF DISMISSAL**

Petitioner George K. Pragovich, proceeding pro se, initiated this action seeking to quash summonses the Internal Revenue Service ("IRS") issued to third-party recordkeepers Boone and Viola McReynolds and Marshall Spahr. See 26 U.S.C. § 7609(b). Section 7609(b) requires, among other things, that a petitioner "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the secretary [of the Treasury] may direct." 26 U.S.C. § 7609(b)(2)(B). The petitioner must do so no later than the twentieth day after he is notified of the third-party summons. See id. Section 7609 is a conditional waiver of the United States' sovereign immunity and, as such, this Court must construe its requirements strictly. See Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990).

Pragovich did not initially file proof of service, as the local rule requires. See D.C. Colo. L. Civ. R. 5.1(F) (requiring that all pleadings or papers filed include a

1

certificate of service "indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service"). This court, therefore, ordered him to show cause why his petition to quash the summonses should not be dismissed. In response, Pragovich provided documents indicating that he had served IRS Agent Joseph Conroy. But Pragovich submitted no proof that he served the third-party recordkeepers, Boone and Viola McReynolds and Marshall Spahr.[1]

Section 7609(b)(2)(B)'s requirements, including the requirement that the petitioner timely serve the summoned party, are jurisdictional. See Wade v. IRS, No. 99-2314, 2000 WL 293688, at *1 (10th Cir. Mar. 21, 2000) (unpublished) (relying on subsequently revised 26 C.F.R. § 301.7609-3);[2] Strong v. United States, 57 F. Supp.

---

[1]Pragovich initiated this litigation by filing a petition to quash the third-party summonses, a supporting memorandum and an affidavit. The memorandum includes a "certificate of service" indicating that Pragovich "forwarded" a copy of "the foregoing Memorandum . . . by certified/first class mail or by UPS courier" to a number of people, including Boone and Viola McReynolds. The certificate of service, however, does not indicate that Pragovich also mailed the petition to these individuals, nor does it specifically indicate that he did so "by registered or certified mail," as 26 U.S.C. § 7609(b)(2)(B) requires. A taxpayer seeking to quash a third-party summons must comply with § 7609(b)(2)(B)'s requirements, even if the party to be served has actual notice. See Bharose v. United States, No. S040305WBSJFMPS, 2005 WL 2334695, at *3 (E.D. Cal. Sept. 22, 2005) ("Failure to provide statutory notice even where summoned party or IRS had actual notice of the commencement of the action within 20 day period requires dismissal."), aff'd, 210 Fed. App'x 713 (9th Cir. Dec. 12, 2006) (unpublished); see also Fogelson v. United States, 579 F. Supp. 573, 574 (D. Kan. 1983). Further, there is no indication that Pragovich ever gave third-party recordkeeper Marshall Spahr any notice at all. Pragovich's response to the court's show cause order does not resolve any of these concerns.

[2]Prior to April 30, 2008, 26 C.F.R. § 301.7609-3(b)(2)(iii) provided that, "[i]n order to institute a proceeding to quash a summons[,] the notified person . . . must, not later than the 20th day following the day the notice of the summons was served on or mailed to such notified person . . . [n]otify the recordkeeper by sending to that recordkeeper by registered or certified mail a copy of the petition." Effective April 30,
(continued...)

2

2d 908, 916 (N.D. Cal. 1999); Fogelson, 579 F. Supp. at 574; McTaggart v. United States, 570 F. Supp. 547, 551 (E.D. Mich. 1983); cf. Faber, 921 F.2d at 1119-20 (holding failure to comply with 26 U.S.C. § 7609(b)(2)(A)'s requirements for timely initiating petition to quash third-party summons is jurisdictional defect requiring dismissal). And Pragovich bears the burden of establishing this court's jurisdiction. See Beam v. United States, Nos. 91-35035, 91-35037, 1991 WL 279105, at *1 (9th Cir. Dec. 27, 1991); see also Stevenson v. United States, No. 06-MC-114, 2006 WL 3484376, at *1, *3 (E.D. Pa. Nov. 29, 2006) (unpublished) (addressing motion to quash third-party summons). Because he has failed to meet that burden, the court dismisses Pragovich's petition to quash the IRS summonses issued to Boone and Viola McReynolds and Marshall Spahr for lack of subject matter jurisdiction.[3]

---

[2](...continued)
2008, that provision can be found at 26 C.F.R. § 301.7609-4(b)(2)(iii). Like its predecessor regulation, 26 C.F.R. § 301.7609-4(b)(3) further provides that, "[i]f a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding."

[3]After this court issued its show cause order, the United States filed a motion to dismiss, apparently under Fed. R. Civ. P. 12(b)(6), and a supporting memorandum, and then later filed a supplemental memorandum. Pragovich has never responded to these pleadings. Because the court is dismissing Pragovich's petition to quash for lack of subject matter jurisdiction, however, the court denies the United States' motion to dismiss as moot. 26 U.S.C. §§ 7402(b) and 7604 authorize the IRS to seek to enforce a summons in the district court for the district in which the summoned individual resides. See Church of Scientology v. United States, 506 U.S. 9, 11 n.4 (1992). And 26 U.S.C. § 7609(b)(2)(A) provides that, in any proceeding such as this to quash a third-party summons, the IRS "may seek to compel compliance with the summons." The IRS, however, has never expressly invoked this court's jurisdiction to do so in this case. In a single phrase at the conclusion of its motion to dismiss, the IRS does argue that this court "should dismiss the petition to quash and enforce the summonses." Because this
(continued...)

Dated this 10th day of September, 2008.

BY THE COURT:

*s/ David M. Ebel*

UNITED STATES CIRCUIT JUDGE

---

[3](...continued)
court does not have subject matter jurisdiction over Pragovich's petition to quash the third-party summonses, however, and because the IRS has never expressly invoked 26 U.S.C. § 7604, this court need not decide whether to enforce the summonses. This appears to be particularly true here in light of the fact that it does not appear that Pragovich properly served any of the three third-party recordkeepers in this action. The IRS remains free to initiate an action to enforce those summonses against the third-party recordkeepers, at which time Pragovich will have an opportunity to intervene in that enforcement action. See 26 U.S.C. § 7609(b)(1).